## BRINKMANN v. TAYLOR.

(Circuit Court, D. Connecticut. July 19, 1900.)

No. 490.

LIBEL—PLEADING—SPECIAL DAMAGES.

In an action for libel, to entitle the plaintiff to prove special damages on account of the loss of business contracts alleged to have been prevented by the libel, he must set out the names of the persons with whom such contracts would have been made.

Action for Libel. On motion to make complaint more specific and to strike out certain words.

Elisha K. Camp, for complainant.

Howard Knapp, for defendant.

TOWNSEND, District Judge. In this action, claiming $50,000 damages, the complainant alleges that the defendant published a libelous circular or letter, which "was received and read by many of the plaintiff's business customers, acquaintances, friends, and associates, and by the trade generally, and led many of them to decline to enter into certain business engagements, and to sell or to offer for sale the plaintiff's style of wire bustles bearing the brand 'Victor,' which said engagements they otherwise would have entered into, and which said goods they would otherwise have sold or offered for sale; whereby plaintiff suffered heavy pecuniary loss." Defendant moves that the names of such persons be set forth. I understand that the rule in this circuit, in accordance with the decided preponderance of authority, requires that under such an allegation the names of the persons who, on account of said libel, declined to enter into business engagements with the plaintiff, should be given; otherwise, the plaintiff will be confined to proof of general damages on the trial. The motion is granted. The motion to strike out certain words in the seventh paragraph of the complaint is denied.